UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD WELLS<br>2947 E. 66th Street<br>Cleveland, Ohio 44127<br><br>on behalf of himself and all others<br>similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NOOR HOME HEALTH CARE LLC<br>c/o Statutory Agent Yasin A. Abdullah<br>5921 Brookmont Drive<br>Hilliard, Ohio 43026<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Richard Wells, by and through counsel, and for his Complaint against Noor Home Health Care LLC ("Noor"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

2. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule[1] ("Final Rule") to extend minimum wage and overtime protections to almost 2 million

---

[1] Application of the Fair Labor Standards Act to Domestic Service, Fed. Reg. 60453, 60557 (Oct. 1, 2013) (amending 29 C.F.R. Part 552).

home care workers. The Final Rule was challenged in federal court, but on August 21, 2015, the District of Columbia Circuit Court of Appeals in *Home Care Association of America v. Weil*, 78 F.Supp. 3d 123 (D.C.Cir. 2015), issued a unanimous opinion affirming the validity of the Final Rule. This opinion upholding the Home Care Final Rule became effective on October 13, 2015, when the Court of Appeals issued its mandate. The Home Care Final Rule had an effective date of January 1, 2015.[2]

3. Under the Final Rule, companies that provide home health care services to customers are required to pay employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek. Despite these requirements, Defendant has failed to pay its home health aides overtime compensation since January 1, 2015.

4. Also since January 1, 2015, Defendant has failed to pay Plaintiff and other similarly-situated home health aides for all of the hours they worked during their workday, including work performed between client appointments. Such work includes but is not limited to driving to and from client homes.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

6. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

---

[2] http://www.dol.gov/whd/homecare/litigation.htm

7. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

8. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

9. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e) and O.R.C. § 4111.03(D)(3).

10. At times relevant herein, Defendant maintained its principal place of business in Cuyahoga County, Ohio.

11. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. 203(d) and O.R.C. § 4111.03(D)(2).

12. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. 203(r).

13. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s)(1).

14. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206-207.

15. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. 216(b).

**FACTUAL ALLEGATIONS**

16. Defendant is a home health care business.

17. Plaintiff Richard Wells has been employed by Defendant since November 2015.

18. At all times relevant herein, Plaintiff has been employed by Defendant as a home health aide.

19. Other similarly-situated employees were employed by Defendant as home health aides.

20. Plaintiff and other similarly-situated home health aides were employed by Defendant as non-exempt employees under the FLSA.

21. Plaintiff and other similarly-situated home health aides were paid an hourly wage.

**(Failure to Pay Overtime Compensation)**

22. Plaintiff and other similarly-situated home health aides worked more than 40 hours per week, but Defendant failed to pay them overtime compensation for the hours they worked over 40 each workweek.

23. Rather than paying overtime compensation, Plaintiff and other similarly-situated home health aides were only paid straight time for the hours they worked over 40 each workweek.

**(Failure to Pay For All Hours Worked)**

24. Plaintiff and other similarly-situated home health aides were paid by Defendant for time spent at client appointments.

25. Plaintiff and other similarly-situated home health aides performed work between client appointments, including but not limited to driving to and from client homes and taking clients to appointments.

26. However, Defendant did not pay Plaintiff and other similarly-situated home health aides for all of the hours they worked between client appointments.

27. All of these activities occurred between the commencement of their first principal activity and the completion of their last principal activity during the workday, and thus, are compensable under the continuous workday rule.

28. As a result of Defendant's practice and policy of not paying Plaintiff and other similarly-situated home health aides for all of the work they performed between client appointments, Plaintiff and other similarly-situated home health aides were denied significant amounts of overtime compensation.

**(Failure to Keep Accurate Records)**

29. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff and other similarly-situated home health aides, including time worked between client appointments.

**(Defendant Willfully Violated the FLSA)**

30. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

24. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. 216(b),[3] and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

25. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former home health aides employed by Noor Home Health Care LLC at any time between January 1, 2015 and the

---
[3] Plaintiff's Consent Form is attached hereto.

5

present.

26. The amount of overtime hours Plaintiff and other similarly situated home health aides worked are reflected on their time sheets and pay stubs.

27. Plaintiff estimates, that on average he worked between ten (10) and twenty (20) overtime hours per week.

28. Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of at least 100 persons.

29. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

30. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All current and former home health aides employed by Noor Home Health Care LLC at any time between January 1, 2015 and the present.

32. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

33. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its home health aides for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff Richard Wells and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

34. The claims of the named Plaintiff Richard Wells are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

35. Named Plaintiff Richard Wells will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

36. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Defendant's practice and policy of not paying Plaintiff and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

40. Defendant's practice and policy of not paying Plaintiff and other similarly-situated home health aides for work performed between client appointments violated the FLSA, 29 U.S.C. § 207.

41. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

42. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

43. Plaintiff in corporates by reference the foregoing allegations as if fully rewritten herein.

44. Defendant's practice and policy of not paying Plaintiff and other similarly-situated home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

45. Defendant's practice and policy of not paying Plaintiff and other similarly-situated home health aides for work performed between client appointments violated the OMFWSA, R.C. 4111.03.

46. By failing to pay Plaintiff and other similarly-situated employees overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

47. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin
One of the Attorneys for Plaintiff

# CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through the action filed against Noor Home Health Care.

2. I understand that this action is brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

Signature: _Richard Wells_ Date: Mar 3, 2017
Richard Wells (Mar 3, 2017)

Full Name: Richard Wells

Street Address: 2947 e66

City, State, Zip: Cleveland Ohio 44127

Phone: 2168015443

Email: Rawsr216@yahoo.com

**E-sign or return to:**
The Lazzaro Law Firm, LLC
920 Rockefeller Building / 614 W. Superior Avenue / Cleveland, Ohio 44113
Phone: 216-696-5000 / Fax: 216-696-7005
Email: consent@lazzarolawfirm.com / Web: www.lazzarolawfirm.com