UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD WELLS, on behalf of himself and all others similarly situated, | CASE NO.: 1:17-CV-00453 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | |
| NOOR HOME HEALTH CARE LLC. | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| Defendant. | |

## I.  INTRODUCTION

Representative Plaintiff Richard Wells and Defendant Noor Home Health Care LLC respectfully move this Court to approve the proposed FLSA opt-in Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit A.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as Ohio wage-and-hour statutes. Plaintiff asserted that Defendant Noor Home Health Care LLC ("Noor") unlawfully failed to pay overtime compensation at the rate of one and one-half their regular rate of pay to Plaintiff and other non-exempt home health care aides for hours they worked over 40 each workweek.

If approved by the Court, the Settlement will provide for the issuance of notice to all Eligible Settlement Participants within fourteen (14) days. Eligible Settlement Participants will have thirty (30) days to join the Settlement by executing and returning Consent and Release Forms. Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out*

settlement that would bind absent class members, no fairness hearing is required or requested by the Parties.[1]

The Parties respectfully submit that the proposed Settlement is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA.  The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and reached on April 26, 2017.  If approved by the Court, the Settlement will make settlement payments available to the Class Members who elect to participate in the Settlement.

The settlement documents submitted for approval or entry by the Court consist of the following:

    Exhibit A:    Joint Stipulation of Settlement and Release

    Exhibit B:    Notice of Settlement of Lawsuit, with attached Consent and Release Form entitled Consent to Opt-Into Lawsuit, Release, and Dismiss Claims

    Exhibit C:    Order of Dismissal and Approving Settlement

    Exhibit D:    Declaration of Class Counsel Chastity L. Christy

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      The Action

On March 6, 2017, Representative Plaintiff Richard Wells filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant failed to pay its home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

### B.      Negotiation of The Settlement

Between March 2017 and April 2017, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims.  This included the calculations of Plaintiff's, the Existing Opt-In Party Plaintiff's, and the Eligible Settlement Participants' overtime damages.

The Parties engaged in extensive legal discussion and correspondence surrounding the Final Rule, providing legal authority and arguments on both sides, which included numerous and lengthy discussions, written communications, and a meeting between counsel for the Parties. During the month of April, the Parties engaged in extensive settlement negotiations, and on April 26, 2017, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit A.  The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

### C. The Settlement Terms

If approved by the Court, the Settlement will cover Representative Plaintiff, the Existing Opt-In Party Plaintiff, and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

The Total Eligible Settlement Amount is $46,091.73, which sum will cover: (a) all of the Individual Payments to the Class Members; and (b) Class Counsel's attorneys' fees and expenses.

Thirty-One Thousand Ninety-One Dollars and Seventy-Three Cents ($31,091.73) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members. The Individual Payments will be calculated proportionally on each Class Member's overtime damages Calculation Period, as calculated by Defendant and approved by Class Counsel. The Individual Payments are provided in Appendix 1 of the Settlement. Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Defendant.

Fifteen Thousand Dollars ($15,000.00) of the Total Eligible Settlement Amount will be paid to Class Counsel for attorneys' fees and expenses ($13,750.00 in fees and $1,250.00 in expenses) incurred in the Action.

In exchange, the Action will be dismissed, and the Class Members will release Defendant from federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

To inform Eligible Settlement Participants of the Settlement, the Parties have submitted, as Exhibit B, the proposed Notice of Settlement of Lawsuit, with an attached Consent and Release Form. The Notice will be mailed and emailed, if an email address is available, to the Eligible Settlement Participants at their last known home addresses and email addresses according to records maintained by Defendant, and any updated addresses obtained by Class Counsel. The Eligible Settlement Participants who sign and return Consent Forms will participate in the Settlement and their claims will be released.

### III.    THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Class Counsel Chastity L. Christy, and as explained below, Court approval is warranted on all scores.

#### A.    The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

>(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Christy Declaration (*see* Exhibit E), the standard supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Representative Plaintiff and the Class Members.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. While no formal discovery has yet commenced, the Parties have engaged in substantial investigation prior to and during the negotiations, including substantial research and arguments relating to the Final Rule, and the issues are well understood by both sides. The outcome is uncertain for the Class Members, and the risks of continued litigation are evident for both sides. The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff.

6

All Individual Payments will be calculated proportionally on each Class Member's overtime damages during the Calculation Period.  The Calculation Period for the Class Members shall mean the period between January 1, 2015 and March 11, 2017.

If approved by the Court, the Proposed Settlement will provide adequate payments to the Class Members for unpaid overtime compensation.  From January 1, 2015 to March 11, 2017, Plaintiff alleges that he and the Class Members were allegedly denied $31,091.73 in overtime compensation for the hours they worked and were only paid straight time, as calculated by Class Counsel.  These figures assume that the Class Members were not compensated at the rate of one and one-half their regular rate of pay for hours worked over 40, but were compensated at their regular rate of pay.

Pursuant to the Settlement, each Class Member who participates in the Settlement will receive 100% of their alleged overtime damages for time spent at client appointments from January 1, 2015 through March 11, 2017.  Within seven (7) days after the consent period is completed, a Schedule of Individual Payments to the Class Members will be filed with the Court.  Accordingly, the settlement proceeds are fair, reasonable and adequate.

### C.  Class Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  29 U.S.C. § 216(b).

In *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights."  *Fegley,* 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and*

*Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)).

  Class Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses. *See* Exhibit D. The litigation expenses sought to be reimbursed are proper and reasonable. Expenses are estimated to be approximately $1,250.00. All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Settlement.

**IV.**   **CONCLUSION**

  For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit C.

Respectfully submitted,

| | |
|---|---|
| /s/ Chastity L. Christy | /s/ Richard A. Millisor |
| Chastity L. Christy (0076977) | Richard A. Millisor (0062883) |
| Anthony J. Lazzaro (0077962) | James M. Patrick (0090493) |
| Lori M. Griffin (0085241) | Fisher & Phillips LLP |
| The Lazzaro Law Firm, LLC | 9150 South Hills Boulevard, Suite 300 |
| 920 Rockefeller Building | Cleveland, Ohio 44147 |
| 614 W. Superior Avenue | Phone:  440-838-8800 |
| Cleveland, Ohio 44113 | Facsimile:  440-838-8805 |
| Phone: 216-696-5000 | rmillisor@fisherphillips.com |
| Facsimile: 216-696-7005 | jpatrick@fisherphillips.com |
| anthony@lazzarolawfirm.com | |
| chastity@lazzarolawfirm.com | Attorneys for Defendant |
| lori@lazzarolawfirm.com | |

Class Counsel