UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD WELLS, on behalf of himself and all others similarly situated, | ) CASE NO.: 1:17-CV-00453 ) ) JUDGE DONALD C. NUGENT |
| Plaintiff, | ) ) |
| vs. | ) ) |
| NOOR HOME HEALTH CARE LLC. | ) **ORDER OF DISMISSAL AND** ) **APPROVING SETTLEMENT** ) |
| Defendant. | ) |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Chastity L. Christy, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order of Dismissal and Approving Settlement, the Agreement and its Exhibits, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of Individual Payments, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1.  The captioned Action asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, on behalf of home health aides of Defendant Noor Home Health Care LLC who were not paid overtime compensation at the rate of one and one-half their regular rate of pay for all hours they worked over 40 each workweek.

2. On March 6, 2017, Representative Plaintiff Richard Wells filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant failed to pay its home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

3. Between March 2017 and April 2017, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendant's defenses to such claims. This included the calculations of Plaintiff's, the Existing Opt-In Party Plaintiff's, and the Eligible Settlement Participants' overtime damages.

4. The Parties engaged in extensive legal discussion and correspondence surrounding the Final Rule, providing legal authority and arguments on both sides, which included numerous and lengthy discussions, written communications, and a meeting between counsel for the Parties.

5. During the month of April, the Parties engaged in extensive settlement negotiations, and on April 26, 2017, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit A. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

6. The Settlement will cover Representative Plaintiff, the Existing Opt-In Party Plaintiff, and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Class Members").

7. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. The Eligible Settlement Participants may return Consent and Release Forms to Class Counsel within thirty (30) days after the mailing of the notice. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Class Counsel within the thirty (30) day period to be timely.

8. The Settlement Agreement provides that, in consideration of the Total Eligible Settlement Payment, the claims of the Representative Plaintiff, Existing Opt-In Party Plaintiff, and Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be dismissed with prejudice.

9. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff, Existing Opt-In Party Plaintiff, and Eligible Settlement Participants. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Court approves the Agreement and its Exhibits, including the proposed Notice and the proposed Consent Form, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. As requested by the Parties, the Court also finds appropriate and reasonable, that any Notice directed to Kareemah Abudullah should also be sent to Marian Kousaie Toney, esq, at the Spitz Law Firm, in addition to Ms.

Abudullah. The Court grants final approval of the Settlement as to the Representative Plaintiff, Existing Opt-In Plaintiff, and all Eligible Settlement Participants who elect to participate in the Settlement by signing and returning a Consent and Release Form.

11. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable. The Court approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Existing Opt-In Party Plaintiff and the Eligible Settlement Participants, and the Individual Payments for the Class Members. The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court approves the payment of attorneys' fees and expense reimbursements to Class Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

13. The Court dismisses the claims of the Representative Plaintiff, Existing Opt-In Party Plaintiff, and Eligible Settlement Participants who sign and return Consent and Release Forms with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

14. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration, addition of Class Members and distribution process.

SO ORDERED:

Date: June 9, 2017

_____
Honorable Donald C. Nugent
United States District Judge

SO STIPULATED:

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

Class Counsel

/s/ Richard A. Millisor
Richard A. Millisor (0062883)
James M. Patrick (0090493)
Fisher & Phillips LLP
9150 South Hills Boulevard, Suite 300
Cleveland, Ohio 44147
Phone: 440-838-8800
Facsimile: 440-838-8805
rmillisor@fisherphillips.com
jpatrick@fisherphillips.com

Attorneys for Defendant

5